United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ANDY SABERI**,

    Plaintiff,

    v.

**LES STANFORD CHEVROLET CADILLAC INC., ET AL.**,

    Defendants.

Case No. 16-cv-02203-YGR

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 17

This case arises out of plaintiff Saberi's purchase of a new vehicle from defendant Les Stanford Chevrolet Cadillac ("Les Stanford"), and the delivery of said vehicle from Michigan to California by defendants BJ Interstate Auto Transporters, Inc. ("BJ Interstate") and Bogdan Dedyk d/b/a Safe Auto Transport ("Dedyk"). (Dkt. 1-1, "Compl.") The case was removed to federal court by defendant Les Stanford on April 22, 2016. (Dkt. No. 1.)

Now before the Court is plaintiff's Motion to Remand. (Dkt. No. 17, "Mtn.") Defendant Les Stanford has filed a response in opposition to plaintiff's Motion, (Dkt. No. 24, "Opp'n"), and plaintiff has filed a reply, (Dkt. No. 28, "Reply").[1] For the reasons set forth below, the Court **REMANDS** the action to the state court.[2]

**I.     BACKGROUND**

Plaintiff is an individual residing in San Mateo County, California. (Compl. ¶ 1.) On or about September 17, 2015, Plaintiff purchased a Corvette from defendant Les Stanford, which is a Michigan corporation with its principal place of business in Michigan, for delivery to plaintiff in

---

[1] The Court **VACATES** the hearing currently set on this Motion for June 21, 2016, and issues this Order without oral argument from the parties.

[2] Because the Court is remanding the action to the state court, the Court also **VACATES** the hearing on defendant's motion to dismiss (Dkt. No. 13) currently set for June 21, 2016.

San Francisco, California. (*Id.* at ¶¶ 2, 9.) According to the Complaint, defendant Les Stanford contracted with defendant BJ Interstate "for the purpose of transporting the Corvette for delivery to [plaintiff]." (*Id.* at ¶ 8.) Defendant BJ Interstate is a Nevada corporation with its principal place of business in Nevada. (*Id.* at ¶ 3.) Plaintiff alleges that defendant BJ Interstate, in turn, subcontracted with defendant Dedyk, who is an individual residing in Roseville, California, "for the purpose of transporting the Corvette for delivery to [plaintiff] in San Francisco, California." (*Id.* at ¶¶ 4, 9.) Plaintiff alleges that, based on his reliance on certain warranties and representations, he "made full payment in the sum of $128,391.93" to defendant Les Stanford for the Corvette. (*Id.* at ¶ 10.) According to the Complaint, upon delivery of the Corvette on or about October 13, 2015, plaintiff "discovered that the Corvette was defective and not safe for reasonable operation" and that the "Corvette was in fact unmerchantable and unfit to be operated." (*Id.* at ¶¶ 11–12.)

Plaintiff believes that the defendants "proximately caused the damaged to the Corvette." (*Id.* at ¶ 14.) Plaintiff filed his complaint in California state court on November 18, 2015 alleging the following: (i) violation of California's Song-Beverly Consumer Warranty Act against defendant Les Stanford for delivering a defective automobile; (ii) fraud against all defendants for misrepresenting that the automobile was of merchantable quality and fit for driving and operation; and (iii) negligence against all defendants for breaching their duty of care not to damage the automobile. (*Id.* at ¶¶ 17–27.)

**II.  DISCUSSION**

   **A.  Legal Standard**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts "possess only that power authorized by Constitution and statute"). A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law

only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c).

There is typically a strong presumption against finding removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The party seeking removal "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez*, 372 F.3d at 1116. A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566; *accord Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The court "resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Here, plaintiff argues that remand is appropriate because: (a) defendant's notice of

3

1  removal contained several procedural deficiencies; (b) there is no federal question that would give

2  the court jurisdiction; and (c) even if defendant had properly removed on the basis of diversity,

3  there is no complete diversity in this case.

**B.  Discussion**

As a threshold matter, "[a]ll defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)). "In cases removed pursuant to Sections 1441(a) and (b) of Title 28 and in other removals as to which Congress has not otherwise provided, all of the defendants in the state court action must consent to the removal."  14 Wright & Miller, *Federal Practice and Procedure* § 3730 (4th ed.). "A narrow exception to the unanimity rule is recognized where removal consent is not obtained from 'nominal, unknown[,] or fraudulently joined parties.'" *Hafiz v. Greenpoint Mrtg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009) (quoting *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)). "A defendant is a nominal party where his role is limited to that of a stakeholder or depositary." *Hewitt v. Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986).[3]

There is no contention here that defendant obtained the consent of all defendants who have been served in this action. Defendant Les Stanford was only able to obtain the consent of defendant BJ Interstate, as averred in defendant Les Stanford's notice of removal. Defendant Les Stanford's only response is that, because a default has been entered against defendant Dedyk, his consent, or lack thereof, should not be relevant for the purposes of removal. Defendant Les

---

[3] Defendant also argues that consent of all defendants is not required where removal of the action is proper based on diversity of citizenship. Not so. Courts have applied the rule requiring consent of all defendants in both federal question and diversity cases. *See* 14 Wright & Miller, *Federal Practice and Procedure* § 3730 (4th ed.); *see also Destfino*, 630 F.3d at 956–57 (recognizing applicability of consent rule to federal question removal); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 484 (C.D. Cal. 2007) (applying consent rule to diversity removal); *625 3rd St. Assocs., LP v. Alliant Credit Union*, No. 09-cv-00564, 2009 WL 1139592, at *2–3 (N.D. Cal. Apr. 28, 2009) (applying consent rule as a threshold question in motion to remand removal based on both federal question and diversity); *Boyett*, 2014 WL 2093569, at *1 (applying consent rule to diversity removal and noting that Section 1441(b) "merely provides additional rules for diversity-jurisdiction removals under [section] 1441(a)" and therefore the "removal is construed as one under [section] 1441(a)").

4

1   Stanford, however, cites no authority for such a proposition.

2   Although the Ninth Circuit has yet to address this issue, the Seventh Circuit addressed a
3   similar issue in *In re Amoco Petroleum Additives Co.*, 964 F.2d 706 (7th Cir. 1992).  In *Amoco*,
4   the Seventh Circuit was petitioned for a writ of mandamus to review a district court's decision to
5   remand the case to state court because of a defect in the removal procedure, namely the failure to
6   obtain the consent of all defendants.  *Id.* at 711–12.  The Seventh Circuit held that review was
7   precluded by 42 U.S.C. § 1447(d), which bars review of remands based on procedural defects.  *Id.*
8   at 713.  In so holding, the Seventh Circuit explained that "removal requires a petition joined by all
9   defendants" and that although the defendants refusing to consent to removal had "refused to
10  respond to [the] demand for arbitration" or "to answer the complaint," the rule still required them
11  to consent to the removal.  *Id.* at 711 (noting that an "obdurate litigant is not on that account a
12  nominal one" for the purposes of the rule requiring consent for removal).  The majority of district
13  courts to have addressed this issue have held the same.  *See City of Los Angeles v. Hamada, Inc.*,
14  No. 12-cv-07029, 2012 WL 4951192, at *2 (C.D. Cal. Oct. 16, 2012) (defaulting defendant was
15  required to consent to removal); *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700–01
16  (D.N.J. 2011) (requiring consent from defaulted defendants even where defendants "made no
17  appearances for any purpose in either state or federal court"); *GMFS, L.L.C. v. Bounds*, 275 F.
18  Supp. 2d 1350, 1353 (S.D. Ala. 2003) (remanding case where defaulted defendants did not
19  consent); *Alanis v. Wells Fargo Nat'l Ass'n*, No. 11-cv-800, 2012 WL 113725, at *2–3 (W.D. Tex.
20  Jan. 12, 2012) (remanding case for failure to obtain consent from defaulted defendant and noting
21  that vast majority of cases agrees that consent from defaulted defendants is required) (citing
22  cases); *cf. Schlegle & Sons Printing v. United English Breeders & Fanciers Ass'n, Inc.*, 682 F.
23  Supp. 36, 37 (C.D. Ill. 1988) (holding that defaulted defendant was not a nominal party for
24  jurisdictional purposes).  In light of the Seventh Circuit's decision and that of the majority of other
25  district courts, the Court similarly finds that a defendant's default is not a sufficient reason for
26  failing to obtain the consent of all defendants for the purposes of removal. [4]

---

[4] The Court is aware of only one case in which a court, faced with a non-consenting defendant who had defaulted, found the removal to be proper given that plaintiffs also

5

Thus, the Court finds that Les Stanford has not sufficiently shown why removal was proper here given defendant Dedyk's lack of consent. Accordingly, the Court **GRANTS** plaintiff's motion to remand the case.[5]

### III. ATTORNEY'S FEES

Plaintiff asks for attorney's fees in defending against the removal action, pursuant to 28 U.S.C. § 1447(c), which provides that an "order remanding the case may require a payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Mtn. 10–11 (citing 28 U.S.C. § 1447(c)).) The Court declines and hereby **DENIES** plaintiff's request for attorney's fees and costs.

### IV. CONCLUSION

Plaintiff's motion to remand is **GRANTED**. Plaintiff's request for attorney's fees and costs is **DENIED.** The above-captioned action is hereby **REMANDED** to the Superior Court of California for the County of San Mateo forthwith, and the Clerk is **ORDERED** to close the action.

**IT IS SO ORDERED.**

Dated: June 16, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

subsequently failed to serve the defaulting defendants with the amended complaint. *See Cuen v. Tucker*, No. 09-cv-1904, 2009 WL 4049151, at *2 (S.D. Cal. Nov. 20, 2009).

[5] In the alternative, defendant Les Stanford urges the Court to sever defendant Dedyk from this action pursuant to Federal Rule of Civil Procedure 21 and allow the case against the two diverse defendants to proceed in federal court. (Opp'n 6.) Courts have "used Rule 21 to drop a party who was joined in an action for the purpose of preventing removal to a federal court." 7 Wright & Miller, *Federal Practice & Procedure* § 1685 (3d ed.). However, there has been no showing here that the joinder of defendant Dedyk was done for any such improper purpose, and it appears from the Complaint that defendant Dedyk is a necessary party to the action. Accordingly, the Court refuses to entertain defendant Les Stanford's request that defendant Dedyk be severed to prevent a remand.